(No. 50275.—

THE PEOPLE *ex rel.* JERRY COSENTINO, State Treasurer, *et al.*, Petitioners, v. THE COUNTY OF ADAMS *et al.*, Respondents.

*Opinion filed November 18, 1980.*

Original petition for *mandamus*.

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield (Herbert Lee Caplan and William R. Wallin, Assistant Attorneys General, of Chicago, of counsel), for petitioners.

Dennis P. Ryan, State's Attorney, of Waukegan (Gary Neddenriep, Assistant State's Attorney, of counsel), for respondent County of Lake.

James E. Hinterlong, State's Attorney, of Ottawa (James A. Lanuti, Assistant State's Attorney, of counsel), for respondent County of La Salle.

Gene L. Armentrout, State's Attorney, of Geneva (Linda Soreff Siegel, of counsel), for respondent County of Kane.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Pursuant to leave granted, petitioners, the People of the State of Illinois *ex rel.* Jerry Cosentino, Treasurer of the State of Illinois, and Roy O. Gulley, Director of the Administrative Office of the Illinois Courts, filed this original action (Ill. Const. 1970, art. VI, sec. 4(a)); 73 Ill. 2d

R. 381) seeking writs of *mandamus* to compel the Counties of Adams, Effingham, Hancock, Kane, Lake, La Salle, Putnam and Woodford, and the members of their county boards, to reimburse the State for those counties' apportioned shares of judicial salaries.

Petitioners filed their motion for leave to file this action on December 29, 1977. At that time there was pending in the General Assembly a bill, subsequently enacted, effective December 14, 1978 (Pub. Act 80—1473), which amended the statutes in issue here (Ill. Rev. Stat. 1977, ch. 53, pars. 3.2, 3.3). Petitioners thereafter moved to file an amended petition reflecting the present circumstances of the case.

The statutory provisions in issue (Ill. Rev. Stat. 1977, ch. 53, pars. 3.2, 3.3) provide that circuit judges and associate judges are to receive a stated basic salary from the State to be paid out of the State treasury. Circuit and associate judges in the circuit comprised of the First Judicial District (Cook County) and all other circuits composed of a single county are to be paid stated sums of "additional salary" by those counties. Circuit and associate judges in all circuit courts other than those constituted by the First Judicial District or composed of a single county are paid additional salary out of the State treasury in amounts equivalent to that paid by the counties in the First Judicial District and other single-county circuits. With regard to the additional salary paid out of the State treasury, sections 3.2 and 3.3 of the statute involved direct as follows:

> "The counties in each Judicial circuit, other than the Circuit Court in the Judicial Court constituted by the First Judicial District and any Judicial circuit composed of a single county, shall reimburse the State Treasury for each additional [sum of] salary paid to [circuit and associate] judges of their Circuit Courts. The sums to be paid by the counties in each such circuit shall be computed by the Ad-

ministrative Office of the Illinois Courts and shall be apportioned among those counties in accordance with their respective populations compared with the total population of all counties within the same circuit. The population of each county shall be determined by the last federal census immediately preceding such reimbursement. Each county shall pay its portion of reimbursement not later than the last day of January in the year immediately following such additional salary payment by the State." Ill. Rev. Stat. 1977, ch. 53, pars. 3.2, 3.3.

This controversy arises because respondents have refused to pay all or part of the amount of reimbursement due for the period July 1, 1975, through December 31, 1978. It is respondents' position that it is the State's constitutional obligation to pay judicial salaries and that sections 3.2 and 3.3 contravene article VI, section 14, of the 1970 Constitution, which provides in part:

"Judges shall receive salaries provided by law which shall not be diminished to take effect during their terms of office. All salaries and such expenses as may be provided by law shall be paid by the State, except that Appellate, Circuit and Associate Judges shall receive such additional compensation from counties within their district or circuit as may be provided by law."

Respondents contend that the statutes violate the provisions of article VI, section 14, of the 1970 Constitution for the reason that they are "inconsistent with the intent and language of the Illinois Constitution." They argue that the historical background and the constitutional debates show that the intent of the framers of the Constitution was to make the supplementation of judicial salaries by the counties permissive, and that section 14 does not permit the State to unilaterally shift the burden of judicial salaries onto the counties. Citing to the Constitutional Convention debates they argue further that the intent of the provision was to permit other counties to supplement judicial salaries, as did Cook County, under article VI, section 25, of the Constitution of 1870 and section 17 of the Judicial

Article approved in 1962, effective 1964.

We have examined those portions of the debates of the constitutional convention cited by respondents (3 Record of Proceedings, Sixth Illinois Constitutional Convention 2217-21, 2260-72) and find apropos our statement in *Client Follow-Up Co. v. Hynes* (1979), 75 Ill. 2d 208, 221:

> "It is possible to lift from the constitutional debates on almost any provision statements by a delegate or a few delegates which will support a particular proposition; however, such a discussion by a few does not establish the intent or understanding of the convention."

The guiding principle, also found in *Hynes,* is that "although the constitutional debates may often be helpful in understanding the meaning of doubtful constitutional provisions, the true inquiry concerns the understanding of its provisions by the voters who, by their vote, have given life to the product of the convention. *People ex rel. Keenan v. McGuane* (1958), 13 Ill. 2d 520, 527; *Wolfson v. Avery* (1955), 6 Ill. 2d 78, 88; *Burke v. Snively* (1904), 208 Ill. 328, 344." (75 Ill. 2d 208, 222.)

The explanation to the voters states:

> "This changes Article VI, Section 17 of the 1870 Constitution. It extends to all counties the provision currently applicable only to Cook County, to pay Circuit Judges a supplementary salary." 6 Proceedings 2720-21.

An examination of the constitutional and legislative history shows that initially, judicial salaries were payable out of the "public treasury." (Ill. Const. 1818, art. IV, sec. 5; see Ill. Const. 1848, art. V, sec. 10.) Under the 1870 Constitution, salaries were constitutionally fixed "until otherwise provided by law." (Ill. Const. 1870, art. VI, secs. 7, 16.) Section 25 of article VI provided in part that "The judges of the superior and circuit courts, and the state's attorney, in said county, shall receive the same

salaries, payable out of the state treasury, as is or may be paid from said treasury to the circuit judges and state's attorneys of the state, and such further compensation, to be paid by the county of Cook, as is or may be provided by law."

Immediately after the 1870 Constitution became effective, the General Assembly fixed the amount of "further compensation" and provided that it was to be paid by Cook County. (1871-72 Ill. Laws 420, 454.) This practice continued up to the adoption of the judicial article of 1964. See, *e.g.,* 1901 Ill. Laws 207; 1907 Ill. Laws 331; 1915 Ill. Laws 442; 1919 Ill. Laws 553; 1923 Ill. Laws 364; 1925 Ill. Laws 400; 1933 Ill. Laws 610, 621; 1937 Ill. Laws 606; 1945 Ill. Laws 867-68; 1951 Ill. Laws 182; 1955 Ill. Laws 623; 1959 Ill. Laws 361; 1961 Ill. Laws 2051; 1963 Ill. Laws 2676.

The judicial article, approved in 1962, effective in 1964, provided: "All [judicial] salaries and expenses shall be paid by the State, except that judges of the Appellate Court for the First District and circuit and associate judges and magistrates of the Circuit Court of Cook County shall receive such additional compensation from the county as may be provided by law." (Ill. Const. 1870, art. VI (1964), sec. 17, as amended.) The General Assembly enacted legislation requiring that Cook County pay "additional salary" to its appellate and circuit judges. (See 1965 Ill. Laws 2122.) Until the enactment of Public Act 77–1888 (1977 Ill. Laws 242), except for an amendment which affected only salaries of the appellate court and is not here relevant, the statutes have continued to provide for supplemental payments to its judges by the County of Cook.

In view of the clear and explicit language of the constitutional provision, the lengthy history of supplemental payments by Cook County mandated by the General Assembly, and the explanation to the voters, we hold that the General Assembly was clearly authorized to enact the

legislation in question. The statute does not contravene article VI, section 14, of the Constitution of 1970 and the writs of *mandamus* are awarded.

*Writs awarded.*